JS 44 (Rev 06/17)

# CIVIL COVER SHEET

19-cv-2499

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JUANITA MUSE, individually, and on behalf of all other similarly situated consumers

**DEFENDANTS**
HOLLOWAY CREDIT SOLUTIONS, LLC     19  2499

(b) County of Residence of First Listed Plaintiff  **Philadelphia County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Montgomery County, AL**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013  Phone (862) 227-3106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.
Brief description of cause:
illegal debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
**DEMAND $**
CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  06/03/2019
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG JUDGE  _____

JUN 07 2019

JS 44 Reverse (Rev 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE· In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F R.Cv.P , which requires that jurisdictions be shown in pleadings Place an "X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff (1) Jurisdiction based on 28 U S.C. 1345 and 1348 Suits by agencies and officers of the United States are included here
United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box
Federal question (3) This refers to suits under 28 U S C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked
Diversity of citizenship. (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

IV. **Nature of Suit.** Place an "X" in the appropriate box If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable Click here for Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes
Original Proceedings (1) Cases which originate in the United States district courts
Removed from State Court (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C., Section 1441 When the petition for removal is granted, check this box
Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date
Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date
Transferred from Another District (5) For cases transferred under Title 28 U S.C Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers
Multidistrict Litigation - Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407
Multidistrict Litigation – Direct File (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example U S Civil Statute 47 USC 553 Brief Description. Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv P
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5215 McKean Avenue, Philadelphia, Pennsylvania 19144

Address of Defendant: 1286 Carmichael Way, Montgomery, Alabama 36106

Place of Accident, Incident or Transaction: 5215 McKean Avenue, Philadelphia, Pennsylvania 19144

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/03/2019       *Attorney-at-Law / Pro Se Plaintiff*       321521  *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify)* 15 U S C. Section 1692 et seq
    Remanded from Appellate Court

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) _____
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Nicholas Linker, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE: 06/03/2019    *Attorney-at-Law / Pro Se Plaintiff*    321521  *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

JUN -7 2019



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| JUANITA MUSE, individually, and on behalf of all other similarly situated consumers<br>v.<br>THE LAW OFFICES OF MICHAEL D. BLUHM & ASSOCIATES, LLC, ATTORNEYS AT LAW | CIVIL ACTION<br><br>**19    2499**<br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.               ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                           (X)

| 6/3/2019 | Nicholas Linker | Plaintiff, Juanita Muse and the putative Class |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 862-227-3106 | 973-282-8603 | nl@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN  -7 2019

JUN -7 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors; (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases, copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.



$400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUANITA MUSE, individually, and on behalf ) Case No.: 19 2499
of all other similarly situated consumers, )
                                                     Plaintiff, )
                                                     vs. ) CLASS ACTION COMPLAINT
                                                                 )
HOLLOWAY CREDIT SOLUTIONS, LLC, )
                            Defendant. )

Plaintiff, Juanita Muse, alleges:

**PRELIMINARY STATEMENT**

1.     This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3.     Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4.     Plaintiff Juanita Muse is a resident of Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Holloway Credit Solutions, LLC is a business entity doing business in the Commonwealth of Pennsylvania, with its corporate headquarters located at 1286 Carmichael Way, Montgomery,

Alabama 36106, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.     On June 28, 2018, Defendant mailed a collection letter to Plaintiff's address. The letter sought to collect a personal medical debt from Plaintiff, attached hereto as **Exhibit A**.

7.     The letter states that Defendant is collecting on behalf of the current owner of the debt and creditor, Jefferson Underwood III MD. Thus, Defendant is a debt collector as that term is applied under 15 U.S.C. § 1692a.

8.     The letter provides: "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and a copy of a judgment, or the name and address of the original creditor if different from the current creditor and will provide the information to you in writing."

9.     15 U.S.C. § 1692g mandates that debt collectors provide certain notices in communications to consumers. In accordance with the statute, the notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(a)(4).

2

10. Additionally, pursuant to § 1692g(a)(5), the notice must contain a statement that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

11. The letter in question appears to mix the requirement of § 1692g(a)(4) with § 1692g(a)(5), preventing the consumer from getting the full legally required disclosure.

12. Defendant's error is more than simply technical; it deprives the consumer of the information concerning their rights, and it leads to different interpretations of the letter.

13. Defendant appears to say that if the consumer disputes the debt in writing, the debt collector will choose whether to obtain verification of the debt *or* to provide the name and address of the original creditor.

14. The letter also implies that in order for Plaintiff to obtain information concerning the original creditor, he must dispute the debt. In fact, the FDCPA only requires that the consumer make a written request for this information. If the consumer were to dispute the debt as Defendant suggests, the law would not require Defendant to provide him or her with information concerning the original creditor, contrary to Defendant's implication.

15. Put another way, if a consumer wanted information about the original creditor, as per Defendant's letter, to receive this information he or she would have to dispute the debt. However, under the law, a dispute would impose no requirement upon the debt collector to provide this information.

16. Accordingly, the letter violates Section g of the FDCPA.

### CLASS ACTION ALLEGATIONS

#### The Class

3

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

18. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a Pennsylvania address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A; (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

19. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

20. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the Commonwealth of Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Defendant and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii)

4

whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

35. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692g (a)(4) and 1692g(a)(5).

38. Section 1692g provides:

> **§ 1692g. Validation of Debts**
>
> **(a) Notice of debt; Content.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, Juanita Muse, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for injunctive relief prohibiting such conduct in the future;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

39. Plaintiff demands a jury trial on all issues so triable.

Dated this 3rd day of June, 2019.

Respectfully Submitted,

Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T: 862-227-3106
F: 973-282-8603
dz@zemellawllc.com
*Attorneys for Plaintiff*

8



PO Box 230609
Montgomery, AL 36123-0609                    00001

JUANITA MUSE

HOLLOWAY CREDIT SOLUTIONS, LLC.
PO BOX 230609
MONTGOMERY, AL 36123-0609

PAY THIS AMOUNT: 30.00
ACCT #: 7317

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT.

72265-28A
JEF219 49947317 1240 MON OLD

Holloway Credit Solutions, LLC
1286 Carmichael Way
Montgomery, AL 36106
334-396-3000 or 800-206-3073

Date: JUN 28 2018
Account For: JEFFERSON UNDERWOOD III MD
Client Reference: 10894
Balance Due: $30.00
Account #: 7317

Dear JUANITA MUSE:

Your account(s) with JEFFERSON UNDERWOOD III MD has been placed for collection.

List of Accounts:

| Name | Account Number | Creditor | Service Date | Balance Due |
|---|---|---|---|---|
| MUSE JUANITA | 894 | JEFFERSON UNDERWOOD III MD | 02/05/12 | 30.00 |

| To Pay Online  No Convenience Fee | holloway.statementmanagement.com | Acct: 7317  Last Name: MUSE  DOB: |
|---|---|---|

This communication is from a debt collector  This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid  The Third Circuit Court of Appeals has determined that any dispute to a debt collector must be made in writing.  If you notify this office in writing within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt and any copy of a judgment, or the name and address of the original creditor if different from the current creditor and will provide the information to you in writing.

Scanned with CamScanner