**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUANITA MUSE,** *Individually and on Behalf of All Other Similarly Situated Consumers***,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HOLLOWAY CREDIT SOLUTIONS, LLC,**<br><br>**Defendant.** | **CIVIL ACTION NO. 19-2499** |

**FINAL APPROVAL ORDER**

**AND NOW**, this 8th day of November 2022, upon consideration of the Parties' Joint Motion for Approval of Class Action Settlement [Doc. No. 41], which requests final approval of the Class Settlement Agreement ("Agreement") (attached hereto) between Plaintiff, Juanita Muse, and a class of persons similarly situated ("Plaintiff" or "Class Members"), and Holloway Credit Solutions, LLC ("Defendant"), and after a fairness hearing held before the Court on this date, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.  This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff,  Settlement Class members, and Defendant.

2.  The following Settlement Class is **CERTIFIED** pursuant to Fed. R. Civ. P. 23(b)(3):

> All consumers with a Pennsylvania address to whom Defendant sent a collection letter substantially similar to Exhibit A of Plaintiff's Complaint during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

3.  Based on the Parties' stipulations and the Court's prior order certifying the class:

> (a)    The Settlement Class as defined is sufficiently numerous such that joinder is impracticable;

> (b)    Common questions of law and fact predominate over any questions affecting

only individual Settlement Class members, including whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.*;

(c)      The claim of Plaintiff is typical of the Settlement Class members' claims;

(d)      Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Daniel Zemel and Nicholas Linker, are adequate Class Counsel; and

(e)      A class action is the superior method for the fair and efficient adjudication of the  claims of the Settlement Class members.

4.      The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 32 Settlement Class members by Class-Settlement.com the third-party settlement administrator. A total of seven envelopes were returned by the United States Postal Service, six of which were returned with forwarding addresses and re-mailed. No Settlement Class members requested exclusion, and zero objections were received. A total of 31 Settlement Class members are entitled to a share of the monetary  benefits of the settlement.

5.      On November 8, 2022, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6.      The Court finds that provisions for notice to the class satisfy the requirements pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally **APPROVES** the Agreement submitted by the Parties, including the Release and payments by Defendants. Upon the Effective Date, as that term is defined in the Agreement, Defendants shall make the following payments:

(a) <u>Class Recovery</u>.  Within twenty (20) days after the Effective Date, the Class Recovery of $4,000.00 shall be paid by or at the direction of the Defendant to the Class Administrator, which the  Class Administrator will distribute *pro rata* among Class  Members, and the Class Administrator shall distribute all such payments as soon as practical. Checks issued to Class Members will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the  void date, along with any unclaimed funds remaining in the Class Recovery, will  be used to offset the settlement administration costs, with any remainder being donated as a *cy pres* award to Clarifi.

(b) <u>Relief to Plaintiff</u>.  Within thirty (30) days after the Effective Date, a total of $2,500.00 shall be paid to Plaintiff by or at the direction of the Defendant, by check made payable to "Daniel Zemel, Trust Account."

(c) <u>Attorneys' Fees and Costs</u>. Within thirty (30) days after the Effective Date, a total of $46,250.00 shall be paid by or at the direction of the Defendant to Class Counsel, by check made payable to "Zemel Law LLC" for their attorneys' fees and costs incurred in  the action.

(d) <u>Class Notice and Administration</u>. Defendant will be responsible for all class notice and administration fees.

8.   The Parties grant the following releases:

(a) Plaintiff, including each and every one of her respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in  interest and present and former affiliates, subsidiaries, insurers, officers, directors,  agents, employees, members, shareholders, general partners, limited partners,  beneficiaries, representatives, attorneys, or assigns, (in their respective capacities  as officers, directors, agents, employees, members, shareholders, general partners,  limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant)  (collectively, "Released Parties"), from all causes of action, suits, claims, or  demands, in law or in equity, known or unknown at this time which Releasors now  have or ever had against the Released Parties, or any of them, under any legal  theory, whether or not alleged, related to or arising from matters that occurred from  the beginning of time up through the Effective Date. Without limiting the generality  of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit, including all claims relating to Defendant's collection activity. The term Releasors does not include Class Members.

(b)    Each member of the Settlement Class hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims arising out of or related to Defendant's alleged violation of 15 U.S.C. §1692g as addressed within the instant complaint brought under the FDCPA, whether such claims are known or unknown.

(c)    Plaintiff and each Settlement Class member **DO NOT** release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, and (ii) the crediting of payments on any debt.

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this Order.

11.    The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.    This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain exclusive jurisdiction to enforce the terms and provisions of the Agreement.

13.    The Clerk is directed to **CLOSE** the case.

It is so **ORDERED**.

**BY THE COURT:**
**/s/ Cynthia M. Rufe**
_____

**CYNTHIA M. RUFE, J.**

DocuSign Envelope ID: 7446D12D-F04C-46E5-B279-421063D7448A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUANITA MUSE,** individually, and on behalf of all other similarly situated consumers,<br><br>          Plaintiff,<br><br>**vs.**<br><br>**HOLLOWAY CREDIT SOLUTIONS, LLC**,<br><br>          Defendant. | **Civil Action No.**<br><br>**2:19-cv-02499-CMR** |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this ___21st___ day of ___December___, 2021, by and between Juanita Muse ("Plaintiff"), on the one hand, and Defendant Holloway Credit Solutions, LLC ("Defendant"), on the other.

## RECITALS

WHEREAS, Plaintiff filed a class action lawsuit on June 7, 2019, in the United States District Court for the Eastern District of Pennsylvania captioned *Juanita Muse, individually, and on behalf of all other similarly situated consumers, v. Holloway Credit Solutions, LLC,* Civ. No. 2:19-cv-02499-CMR (ECF 1), and filed an Amended Complaint on November 1, 2019 (the "Lawsuit");

WHEREAS, Plaintiff alleged that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, in that a settlement letter sent to consumers contained potentially confusing language *see* 15 U.S.C. §§ 1692g;

WHEREAS, on March 31, 2020, Plaintiff filed a Motion for Class Certification and Defendant filed its opposition to the Motion on April 17, 2020, ECF 22, 26;

WHEREAS, on December 8, 2020, the Court granted the Motion for Class Certification, ECF 28, certifying a class:

> All consumers with a Pennsylvania address for which Defendant sent a collection letter substantially similar to [that received by Plaintiff] during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

See ECF 28, p. 2.

WHEREAS, on February 10, 2021, a joint motion for approval of the class notice was filed. Doc. 34;

WHEREAS, the Court approved the class notice on February 17, 2021. Doc. 36;

WHEREAS, over the course of protracted and arms-length negotiations, the parties negotiated a class fund, individual recovery, and reasonable fees and costs to be paid to Class Counsel, as well as the mechanics of the class settlement, subject to approval of the Court;

WHEREAS, counsel for Plaintiff has thoroughly analyzed the applicable law and all of the facts, and has concluded that the proposed settlement herein is fair and reasonable and in the best interest of the Class (hereafter defined) because it provides substantial and immediate relief and avoids the considerable risks and delays of further litigation;

WHEREAS, although the Defendant asserts that the complained of conduct did not violate any statute, the Defendant believes that the settlement proposed herein is desirable in order to avoid further significant burden, expense, and inconvenience of protracted litigation, and the distraction and diversion of their personnel and resources;

WHEREAS, the Parties intend this Agreement to bind the Defendant on the one hand and Juanita Muse (as Class Representative and individually) and all Class members, who do not request exclusion from the Class, on the other hand; and

## TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, in light of the foregoing, in consideration of the terms and conditions set forth herein, which the Parties acknowledge are good and valuable consideration for this Agreement, the Parties agree and stipulate, subject to approval by the Court, as follows:

1.  <u>Definitions.</u>

As used in this Agreement and its incorporated Exhibits, the following terms have the meanings specified herein:

"Agreement" means this Settlement Agreement and Release entered into between Holloway Credit Solutions, LLC, on the one hand, and the Class Representative, individually and on behalf of Class Members, on the other hand, in the Lawsuit, including all terms and conditions set forth herein.

"Class Members" means those Class Members who do not exclude themselves from the class.

"Settlement Administrator" refers to the firm of Class Settlement.com, which the Defendant has hired and will pay for separate and apart from the amounts to be paid for the benefit of the Class, attorneys' fees and costs and the individual settlement and service award for the Class Representative, and which will be responsible for the administration of this class action settlement as more fully described herein.

"Class" or "Class Member(s)" means the Class of consumers certified by this Court's Order of December 8, 2020, defined as "All consumers with a Pennsylvania address for which Defendant sent a collection letter substantially similar to [that received by Plaintiff] during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action" Doc. 28, p. 2.  The "Class" consists of no more than 32 individuals, including Plaintiff.

"Class Counsel" or "Plaintiff's Counsel" refers to Zemel Law, LLC.

"Class List" is the list to be compiled by Defendant of each person with an account at Defendant who Defendant's records indicate was sent one or more letters substantially in the form of the June 28, 2018 letter mailed to Plaintiff.

"Class Notice" is the Notice of Class Action Settlement, in the form of Exhibit A, incorporated herein by reference.

"Class Period" is the period to which the settlement and this Agreement applies, as specified in the definition of the Class, above.

"Class Representative" refers to Plaintiff Juanita Muse, as representative of the Class.

4

"Settlement Fund" is fund to be paid and distributed on a *pro rata* basis to the members of the Class as specified within Section 2.7(b)(i).

"Amended Complaint" refers to the Amended Complaint filed by Reneisha Knight in the action entitled *Juanita Muse, on behalf of herself and all other similarly situated consumers, v. Holloway Credit Solutions*, LLC, in the United States District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-02499-CMR.

"Court" means the United States District Court, Eastern District of Pennsylvania in which this Lawsuit is pending, and to which presentation of this Agreement for judicial review and approval will be made.

"Defense Counsel" means Gordon Rees Scully Mansukhani, LLP, Three Logan Square, 1717 Arch Street, Suite 610, Philadelphia, PA 19103 (Attorneys Andrew M. Schwartz & Tehaura R. Henning).

"Effective Date" means when the last of the following with respect to the Final Approval Order approving the Settlement Agreement has occurred: (i) the expiration of three business days after the time to file a motion to alter or amend the Final Approval Order under the Federal Rules of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for

purposes of this Settlement Agreement shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement.

"Judgment" means the Final Approval Order to be rendered by the Court, in the form of Exhibit B, incorporated herein by reference.

"Lawsuit" means the civil action *Juanita Muse, on behalf of herself and all other similarly situated consumers, v. Holloway Credit Solutions*, LLC, filed in the United States District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-02499-CMR.

"Party" refers individually to the Class Representative, on behalf of herself and Class Members, Holloway Credit Solutions, LLC, and are collectively, these are referred to as the "Parties."

"Defendant" refers to Holloway Credit Solutions, LLC.

"Settlement Fund" is Four Thousand Dollars ($4,000.00) which shall be used to pay all financial consideration to the Class Members, who do not exclude themselves from the class.

"Class Notice" is the Notice of Pendency and Settlement of Class Action in the form approved by this Court on February 17, 2021.

2.    <u>Settlement Terms and Procedures</u>

By Order of December 8, 2020, the Court certified a Class defined as "[a]ll consumers with a Pennsylvania address to whom Defendant sent a

collection letter substantially similar to Exhibit A of Plaintiff's Complaint during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.  Doc 29.

2.1.   Defendant has represented that the size of the Class consists of approximately 32 persons, and Plaintiff has relied on that representation in entering into this Settlement Agreement.

2.2.   After execution of this Agreement, counsel for Plaintiff shall file a motion asking the Court to enter an order granting preliminary approval of the settlement in the form attached hereto as Exhibit E (the "Preliminary Approval Order") and approving the form of the Notices attached hereto as Exhibits B and D.

2.3.   Within ten days after the filing of the Motion for Preliminary Approval including this proposed Settlement Agreement, Defendant shall send notice to governmental agencies to the extent required by 28 U.S.C. § 1715, and shall file a certificate of such service with the Court, such notifications to be completed by Defendant at its own expense.

2.4.   At least ten (10) days prior to a scheduled final approval hearing, Class Counsel shall file a motion requesting the Court to grant final approval of the settlement, and for entry of an order granting final approval of the settlement (the "Final Approval Order"), in the form attached as Exhibit C.

2.5.   At least ten (10) days prior to a scheduled final approval hearing, Class Counsel shall file a motion requesting the Court to approve an individual settlement award to the Class Representative in the amount of One Thousand

Dollars ($1,000.00) as to Plaintiff's statutory claims, One Hundred Twenty Five Dollars ($125.00) as a *pro rata* share of the class recovery, and One Thousand, Three Hundred Seventy-Five Dollars ($1,375.00) for Plaintiff's actual damage claim, or a total sum of Two-Thousand Five Hundred Dollars ($2,500.00), and an award of attorneys' fees and costs to Class Counsel in an amount not to exceed Forty-Six Thousand Two Hundred and Fifty Dollars ($46,250.00). Defendant and Defense Counsel expressly do not object to the amounts requested.

2.6.    Defendant agrees to pay $4,000.00 to the Settlement Fund, $2,500 to the Class Representative, subject to the approval of the Court, and $46,250.00 to Class Counsel, subject to the approval of the Court, in addition to paying the costs of notice and settlement/claims administration.

(a) The following payments shall be made by Defendant and/or its insurer on the settlement's Effective Date:

(i)    the sum of Four Thousand dollars ($4,000.00) to the Settlement Administrator to be paid and distributed in pro rata amounts of approximately $125.00, on a *per check* basis to the Class Members, who do not exclude themselves from the class;

(ii)    the sum of Two Thousand Five Hundred dollars ($2,500.00) as an individual settlement to the Class Representative, subject to the approval of the Court, thirty (30) days after the final approval order issues in this lawsuit,

(iii)    the Plaintiff's reasonable attorneys' fees and expenses, in an amount not in excess of Forty-Six Thousand Two Hundred and Fifty Dollars

($46,250.00), subject to the approval of the Court, upon motion filed not later than ten (10) days prior to the Final Approval Hearing. Except for the reasonable attorneys' fees and costs set by the Court, not to exceed $46,250.00, Defendant shall not be liable for any attorneys' fees or litigation expenses and costs of Class Counsel, the Class Representative or any other Class Member in connection with the Lawsuit or any claim that is related to this Lawsuit or that was or could have been alleged in the Lawsuit, or any class notice or claims administration costs or expenses. Except as otherwise provided above, Class Counsel shall not seek any fees or expenses from Defendant in connection with the Lawsuit and the settlement set forth herein, including, without limitation, any fees or expenses incurred in connection with final approval of the settlement, any objection(s) or appeal(s), expert fees, class notice or claims administration, or other fees or expenses. Defendants agree that they will not seek to recover their costs, attorneys' fees, or expenses in connection with the Lawsuit from any Class Member.

(b) Payment to each Class Member shall be in the form of a check issued by the Settlement Administrator, and made payable to "[Name of Class Member]" within twenty (20) days after the Effective Date. Each Class Member's share will be determined by dividing the balance of the Settlement Fund by the number of Class Members. After the void date of such checks to Class Members, any amount remaining in the Settlement Fund, including uncashed sums, shall be applied to the cost of settlement administration by Class Settlement.com. To the

extent the unclaimed funds exceed the costs of settlement administration, the remainder will be made part of the *cy pres* fund as created in subsection (f) below.

(c) Each check issued pursuant to this Agreement shall be void if not negotiated within sixty (60) days after its date of issue, and shall contain a legend to such effect.  Checks that are not negotiated within sixty (60) days after their date of issue shall not be reissued.  All payments that are unclaimed by Settlement Class members, including all returned checks and all checks not cashed within sixty (60) days after the date of issue, shall revert to the Settlement Fund, and be distributed as described in the following paragraph.

(d)  The parties have agreed that any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned shall be applied to the costs of administration of the settlement, with any funds remaining to be used to create a *cy pres* fund.  The parties agree that the *cy pres* fund be distributed to the Clarifi (Philadelphia Office), a nationwide, 501-c-3 non-profit organization, for uses including consumer education and financial literacy.  The Settlement Administrator shall forward the funds payable to the *cy pres* recipient to Andrew M. Schwartz, within thirty (30) days after the expiration of the sixty (60) day void period following issuance of the checks.

3.    Notice and Claims Administration and Procedure:

3.1.    The Settlement Administrator will certify the number and identity of the Class members under the Class definition, and compile a final Class Member list.  To assist in this process, Defendant shall provide, within ten (10) business days after entry of the Preliminary Approval Order, a Class Member list in

readable electronic form to the Settlement Administrator. For each Class Member, Defendant shall provide the name and last known address. In preparing the Class Member List, Defendant shall use reasonable, good faith efforts to identify Class Members. The Settlement Administrator shall ensure that the information that it receives from Defendant and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendant as well as applicable law. Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendant without the prior written consent of all Parties.

3.2. With respect to those persons whose Notice by regular mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt to obtain an updated address for each such person from the United States Post Office, and if such an address is obtained, shall resend the Post Card Notice to that updated address.

3.3. The Parties agree that the Class Notice fairly informs the Class Members of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures for and consequences of making a claim and objecting to the Settlement Agreement, and the date of the final approval hearing.

3.4. Compliance with the procedures described herein shall constitute due and sufficient notice to Class Members of this proposed settlement for the final approval hearing, and shall satisfy the requirement of due process. Nothing

else shall be required of, or done by, the Parties, Class Counsel, Defense Counsel, or the Settlement Administrator to provide notice of the proposed settlement and the final approval hearing as described herein.

3.5.    No later than ten (10) days prior to the final approval hearing, Class Counsel shall file with the Court and serve on Defendant's counsel a list of all persons who have excluded themselves in timely fashion from the Class and those who have timely objected to the settlement, as compiled by the Settlement Administrator.    The Settlement Administrator shall also, at that time, supply its determinations as to whether any request for exclusion from the Class was not submitted timely, and provide written notification to any Class Member whose request for exclusion from the Class was not submitted on a timely basis.

4.    <u>Release</u>

4.1.    For the consideration stated herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiff agrees that the Lawsuit shall be dismissed with prejudice, and Plaintiff and all Class Members who do not timely exclude themselves from the Class, on behalf of themselves, their heirs, assigns, executors, executors, administrators, successors, agents, attorneys, representatives and assigns, hereby remise, release and forever discharge Defendants, and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries, joint venturers, independent contractors, service providers, divisions, predecessors, successors, and assigns

(collectively the "Released Parties"), from any and all liabilities, causes of actions, claims, whether known or unknown, that were asserted or that could have been asserted in the Amended Complaint concerning alleged defects in the collection letter substantially similar to Exhibit A, received by the Released Parties.

4.2.    In addition, the Class Representative, for herself only and not on behalf of the members of the Class, hereby fully, finally, irrevocably, and forever releases Defendants and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, parents, subsidiaries, joint venturers, independent contractors, service providers, divisions, predecessors, successors, and assigns, from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, of any kind or nature whatsoever.

5.    No Admission of Liability.

5.1.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever.

5.2.    Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Class Members, Class Counsel, or anyone else.

6.    Collateral Attack and *Res Judicata.*

6.1.    This Agreement shall not be subject to collateral attack by any Class Member or any recipient of the Class Notice after the Judgment is entered.  Such prohibited collateral attacks shall include but are not limited to claims that the procedures for claims administration were incorrect, or that the Class Member failed for any reason to receive timely notice of the procedure for submitting a Claim Form or disputing the calculation of his or her individual distribution from the Settlement Fund.

6.2.    To the extent permitted by law, the Agreement and/or Judgment may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.  Defendant may file this Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.    Non-Evidentiary Use.

7.1.    Except as provided herein, neither this Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, Class Members, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the settlement and this Agreement.

8.    Nullification

8.1.    If (1) the Court should for any reason deny with prejudice preliminary approval of the settlement; or (2) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties; or (3) the Court should for any reason fail to enter the Judgment; or (4) the Judgment is reversed, modified, or declared or rendered void; or (5) Defendant terminates this Agreement for reasons permitted herein, then (i) this Agreement shall be considered null and void, notwithstanding the severability clause in this Agreement, (ii) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, (iii) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court, and (iv) the Class Representative and Class Counsel shall make repayment to the Settlement Administrator of any disbursements they received as a result of the settlement.

8.2.    In the event of a timely appeal from the Judgment, the Judgment shall be stayed, the fees and reimbursement of expenses to Class Counsel shall

15

not be paid, and the Settlement Fund shall not be distributed to Claiming Class Members pending the completion of the appeal.

9.    Non-Disparagement.

9.1.    The Parties shall abstain from making, publishing, advertising, posting, aiding, or authorizing the publication of any statements to any other person about each other.

10.    Extensions of Time.

10.1.    Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

11.    No Pending Action.

11.1.    Each of the Parties represents and warrants that they are not aware of any other lawsuits or administrative proceedings involving Defendant regarding the subject matter of the Lawsuit.

12.    Construction and Intent.

12.1.    This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. This Agreement has been negotiated at arms-length by parties of equal bargaining power, and drafted jointly by Class Counsel and Defense Counsel. Each of the Parties has had full opportunity to review and consider the contents of this Agreement, have read and fully understand the provisions of this Agreement, and have relied on the advice and representation of legal counsel of their own choosing.  In the event that a dispute arises with respect to this

Agreement, no Party shall assert that any other Party is the drafter of this Agreement, for purposes of resolving ambiguities that may be contained herein. If any provision of this Agreement shall be deemed ambiguous, such provision shall not be construed against any Party on the basis of the identity of the purported drafter of this Agreement.

12.2. The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Lawsuit.

12.3. The Parties agree that the Agreement was negotiated in good faith by the Parties.

12.4. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute part of this Agreement.

12.5. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

13.    <u>Governing Law.</u>

13.1. The Agreement shall be construed in accordance with, and be governed by, the laws of the Commonwealth of Pennsylvania, without regard to the principles thereof regarding choice of law.  The sole and exclusive forum for resolution of any disputes arising under or related to this agreement shall be the federal courts located in the Commonwealth of Pennsylvania.

14.     <u>Survival of Warranties and Representations.</u>

14.1. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

15.     <u>Representative Capacity.</u>

15.1. Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

16.     <u>Counterparts.</u>

16.1. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. The Agreement may be executed by facsimile signature.

17.     <u>Cooperation of the Parties.</u>

17.1. The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement. Specifically, the Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, defend Court approvals, and to do all things reasonably necessary to complete the settlement described in this Agreement. Further, the Parties will comply in good faith with the terms and conditions of the Agreement.

17.2. Should any dispute arise among the Parties or their respective counsel regarding the implementation or interpretation of this Agreement, a

representative of Class Counsel and a representative of Defense Counsel shall meet and confer in an attempt to resolve such disputes prior to submitting such disputes to the Court.

18.    Severability.

18.1. If any portion, provision, or part of this Agreement is held, determined or judged to be invalid, unenforceable, or void, for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts, unless doing so would deprive a Party of a benefit of its bargain.

19.    Notices.

19.1. All notices and documents to Class Counsel and Defense Counsel provided for herein shall be sent via email in portable document format (pdf) or, if too large to send in that format, by U.S. Mail.

19.2. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of notice to the Class.

20.    Modification and Amendment.

20.1. This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties; it is not subject to any condition not provided for herein. This Agreement shall not be modified in any material respect except by a writing executed by all the parties hereto.

21.    <u>Binding on Successors and Assigns.</u>

21.1. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date written above.

Daniel Zemel
**ZEMEL LAW, LLC**
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com

Attorney for Plaintiff, Juanita
Muse and the Class

Andrew M. Schwartz
**GORDON REES SCULLY
MANSUKHANI**
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
☎ (215) 717-4023
🖨 (215) 693-6650
📧 Amschwartz@grsm.com
Attorney for Defendant Holloway
Credit Solutions, LLC

20